MOORE, Circuit Judge,
concurring in part and dissenting in part.
I respectfully dissent from Part II of the majority’s opinion because I believe that plaintiffs have created a genuine issue of material fact about whether ZFB violated the overtime-compensation requirements of the Fair Labor Standards Act (“FLSÁ”) and the Ohio Revised Code (“ORC”). In Auer, the Supreme Court deferred to the Secretary of Labor’s test for determining whether employees are exempt under the FLSA, adopting the view that exempt status is denied “when employees are covered by a policy that permits disciplinary or other deductions in pay ‘as a practical matter.’ ” Auer v. Robbins, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). *803 Plaintiffs have produced evidence that they were covered by such a policy, thereby entitling them to the overtime-compensation protections of the FLSA and ORC. The August 2001 Sennish memo to all ZFB salaried, Ford salaried, and contract employees with salaried responsibilities advised that “pay adjustments are a possibility” if management finds notable differences between salaried time sheets and the entrance and exit times recorded by the electronic employee badge system installed at the facility entrances. J.A. at 249 (Sennish Memo to Salaried Employees, Aug. 29, 2001). In addition, ZFB plant manager Dick Newark testified that under this policy, a salaried employee would lose an hour of pay if his or her electronic card readout indicated that the employee was at work for an hour less than indicated on his or her time sheet. Newark stated:
[T]he intent behind what we were trying to do was to incent people to be very disciplined on using their badge swipes for security purposes. And so the threat was, well, you don’t do that right and we’re going to — we’re going to take your pay away and assume that, you know, you didn’t clock in the door or didn’t activate the door correctly.
J.A. at 516 (Newark Dep. July 24, 2003, at 86). Newark also agreed that a few employees may have lost pay under this policy. This testimony, along with the text of the August 2001 memo, suggests that ZFB instituted “a clear and particularized policy” that effectively communicated that pay deductions would be permitted in specific circumstances. Auer, 519 U.S. at 461, 117 S.Ct. 905. Because plaintiffs have raised a genuine issue about whether they faced “a ‘significant likelihood’ ” of experiencing those pay deductions, id., I would reverse the district court’s grant of summary judgment to defendants on plaintiffs’ overtime-compensation claims.